**HYDE & SWIGART, APC**
Joshua B. Swigart, Esq. (225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Ste. 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

**LAW OFFICE OF DANIEL G. SHAY**
Daniel G. Shay, Esq. (250548)
danielshay@tcpafdcpa.com
409 Camino Del Rio South, Suite 101B
San Diego, CA 92108
Telephone: (619) 222-7249
Facsimile: (866) 431-3292

*Attorneys for Plaintiff*,
Paul Stephens

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL STEPHENS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>UNITED TRANZACTIONS, LLC,<br><br>Defendant. | Case No.: **'19CV0595 CAB AGS**<br><br><u>CLASS ACTION</u><br><br>COMPLAINT FOR VIOLATIONS OF:<br><br>(1) THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692, ET SEQ.; AND<br><br>(2) THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788, ET SEQ.<br><br>JURY TRIAL DEMANDED |

///
///
///

**CLASS ACTION COMPLAINT**     PAGE 1     *STEPHENS V. UNITED TRANZACTIONS, LLC*

HYDE & SWIGART, APC
2221 CAMINO DEL RIO SOUTH SUITE 101
SAN DIEGO, CA 92108

# INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*, to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

3. Paul Stephens ("Plaintiff"), by Plaintiff's attorneys, brings this class action to challenge the actions of United Tranzactions, LLC ("Defendant") with regard to attempts by Defendant, debt collectors, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a Plaintiff, or to a Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

alleges violations of the statute cited in its entirety.

6. Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

7. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

8. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

## JURISDICTION & VENUE

9. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331; 15 U.S.C. § 1692(k); and, 28 U.S.C. § 1367 for supplemental state claims.

10. This action arises out of Defendant's violations of (1) the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"); and, (2) the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, et seq. ("RFDCPA").

11. Because Defendant conducts business within the State of California, personal jurisdiction is established.

12. Venue is proper in the United States District Court, Southern District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of San Diego, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) ) because Defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced, and Defendant's contacts with this District are sufficient to subject it to personal jurisdiction.

//
//

## PARTIES & DEFINITIONS

13. Plaintiff is a natural person who resides in the County of San Diego, State of California, from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).  In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

14. Defendant is a limited liability company registered in the State of Florida with its principal place of business in Miramar, Florida.  At all times relevant, Defendant conducted business in the State of California.

15. Plaintiff is informed and believes, and thereon alleges, that Defendant, in the ordinary course of business, regularly, on behalf of themselves or others, engage in debt collection as that term is defined by California Civil Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by California Civil Code § 1788.2(c) and 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

16. In or around February 15, 2018, Plaintiff allegedly incurred a financial obligation (the "Debt")_ to Kearny Pearson Ford Kia that was money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)" and a "consumer debt" as the terms are defined by 15 U.S.C. § 1692a(6); and, California Civil Code §1788.2(f).

17. Because this complaint alleges violations of the FDCPA and the RFDCPA, the circumstances and validity of the Debt are irrelevant. The Debt will be discussed only to provide context.

18. Shortly thereafter, the Debt was assigned, placed, or otherwise transferred, to Defendant for collection.

19. In this regard, on or about April 3, 2018, Defendant sent Defendant's initial

written communication to Plaintiff (the "Letter.")

20. First, the Letter, in part, required Plaintiff send requests to "validate this debt to: United TranzActions, 3200 Executive Way, Miramar, FL 33025."

21. Specifically, at issue herein is Defendant's requirement that Plaintiff submit any written dispute directly to Defendant via mail only.

22. By requiring written disputes to be mailed, Defendant is illegally placing additional burdens on Plaintiff since any written dispute, regardless of how the written dispute is transmitted, is valid.

23. Not only does a mailed dispute cost Plaintiff money, but it also takes more time than other written methods of transmitting a dispute, such as facsimile, email and/or online submission.

24. The purpose of 15 U.S.C. § 1692g is to ensure that consumers are made aware of their rights with respect to debt collection activities.[2]

25. Instead, Defendant creates an unnecessary obstruction for consumers that wish to utilize their rights as delineated by the FDCPA.

26. Further, Defendant's requirement prohibits consumers from using written dispute methods made publicly available on Defendant's website.[3]



---

[2] *Higgins v. Capital Credit Services, Inc.*, 762 F. Supp. 1128, 1134 (1991).
[3] https://www.unitedtranzactions.com/faq/faqs.aspx

27. Second, the Letter states, "If you fail to dispute the debt within thirty (30) days, the debt will be assumed to be valid by the *creditor*." (emphasis added.)

28. Said statement is likely to mislead the least sophisticated consumer because it is a misrepresentation of the law. 15 U.S.C. § 1692g(a)(3) requires notice that "the debt will be assumed to be valid by the *debt collector*." (emphasis added). Accordingly, Defendant's notice indicates to the consumer that it is appropriate to dispute the validity of the debt with the creditor as opposed to the debt collector.

29. Through this conduct, Defendant violated 15 U.S.C. § 1692g by failing to include the proper debt verification procedures. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

30. Further, through this conduct, Defendant violated 15 U.S.C. § 1692e(10) by using false, deceptive and misleading representations in connection with the collection of Plaintiff's alleged debts. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

31. Third, the Letter, in part, stated, "Payment may be arranged so that you can avoid the potential for additional interest, costs and penalties, as permitted by law."

32. The purpose of 15 U.S.C. 1692f is to detail practices which would be considered "unfair or unconscionable" in the collection of a consumer debt.

33. The statement requires immediate action so as to not increase the Debt amount. Defendant intends for consumers to disregard their rights by threatening unauthorized and unlawful penalties, costs, and additional interests. These charges are separate from the principal amount owed and leads the consumer to believe they must pay Defendant more than what is required or permitted.

34. Fourth, the Letter, demanded $25.00 for "service charges."

35. This $25.00 collection fee was not expressly provided for the agreement creating the Debt or permitted by law. Thus, Plaintiff did not owe any money for service or collection fees. In the Letter, Defendant represented to Plaintiff that he owed a total of $525.00 and attempted to collect his amount by expressly including it in Plaintiff's balance. Thus, Defendant made a false statement in connection with the collection of a debt that it was not authorized to collect. Consequently, Defendant violated 15 U.S.C. § 1692e, 1692e(2)(A), e(10), e(5) and 15 U.S.C. 1692f, and 1692f(1). These sections are incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

36. Finally, the Letter included the following at the bottom of the page:

[illegible overlapping text: THIS IS AN ATTEMPT TO COLLECT A DEBT ... THIS COMMUNICATION IS FROM A DEBT COLLECTOR AND ...]

37. The inclusion of 15 U.S.C. 1692e(11) requires the debt collector to disclose to the consumer ". . . that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose. . . ." Here, the Letter does not disclose that Defendant is a debt collector. Perhaps Defendant attempted to convey this information through the writing display above. However, this statement is not legible to consumers and fails to satisfy section 1692e(11) requirements. The letter further fails to disclose that any information obtained will be used for collection purposes.

38. Moreover, through this conduct, Defendant violated 15 U.S.C. § 1692e(10) by using deceptive means to collect Plaintiffs' alleged debt as Defendant's statement is displayed in a way that confuses the least sophisticated consumer. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

//
//

## CLASS ALLEGATIONS

39. Plaintiff brings this action on behalf of himself individually, and on behalf of all others similarly situated ("the Class").

40. Plaintiff represents, and is a member of the FDCPA Classes, defined as follows:
    - (i) All persons with addresses within the United States; (ii) who received any collection correspondence from Defendant within one year before the filing of this Complaint to the present; (iii) which contains language identical or substantially similar to the correspondences that Plaintiff received from Defendant for which Defendant demanded a "service fee."
    - (i) All persons with addresses within the United States; (ii) who received any collection correspondence from Defendant within one year before the filing of this Complaint to the present; (iii) which contains language identical or substantially similar to the correspondences that Plaintiff received from Defendant for which Defendant threatened to impose interest, costs, and penalties.
    - (i) All persons with addresses within the United States; (ii) who received any collection correspondence from Defendant within one year before the filing of this Complaint to the present; (iii) which contains language identical or substantially similar to the correspondences that Plaintiff received from Defendant for which Defendant failed to disclose that Defendant was a debt collector attempting to collect a debt.
    - (i) All persons with addresses within the United States; (ii) who received any collection correspondence from Defendant within one year before the filing of this Complaint to the present; in which Defendant (ii) made initial communication with a debtor; and (iii) did not disclose the information required under 15 U.S.C. 1692g(a)(3-5).

41. Plaintiff represents, and is a member of the RFDCPA subclasses, defined as follows:

- (i) All persons with addresses within California; (ii) who received any collection correspondence from Defendant within one year before the filing of this Complaint to the present; (iii) which contains language identical or substantially similar to the correspondences that Plaintiff received from Defendant for which Defendant demanded a "service fee."
- (i) All persons with addresses within California; (ii) who received any collection correspondence from Defendant within one year before the filing of this Complaint to the present; (iii) which contains language identical or substantially similar to the correspondences that Plaintiff received from Defendant for which Defendant threatened to impose interest, costs, and penalties.
- (i) All persons with addresses within California; (ii) who received any collection correspondence from Defendant within one year before the filing of this Complaint to the present; (iii) which contains language identical or substantially similar to the correspondences that Plaintiff received from Defendant for which Defendant failed to disclose that Defendant was a debt collector attempting to collect a debt.

42. Defendant and its employees or agents are excluded from the Class.

43. Plaintiff does not know the exact number of persons in the Classes, but believes them to be in the several hundreds, if not thousands, making joinder of all these actions impracticable.

44. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The identity of the individual members is ascertainable through Defendant's and/or Defendant's agents' records or by public notice.

45. There is a well-defined community of interest in the questions of law and fact involved affecting the members of the Classes. The questions of law and fact common to the Classes predominate over questions affecting only individual

class members, and include, but are not limited to, the following:

    a. Whether Defendant's letter violated the FDCPA and/or RFDCPA;

    b. Whether members of the Classes are entitled to the remedies under the FDCPA and/or RFDCPA;

    c. Whether Plaintiff and members of the Classes were damaged thereby, and the extent of damages for such violations;

    d. Whether members of the Classes are entitled to declaratory relief pursuant to the FDCPA and/or RFDCPA; and

    e. Whether members of the Class are entitled to injunctive relief pursuant to the FDCPA and/or RFDCPA.

46. As a person that received at least one written communication from Defendant in violation of Federal and State fair debt collection laws, Plaintiff is asserting claims that are typical of the Classes.

47. Plaintiff will fairly and adequately protect the interests of the Classes.

48. Plaintiff has retained counsel experienced in consumer class action litigation and in handling claims involving unlawful debt collection practices.

49. Plaintiff's claims are typical of the claims of the Classes, which all arise from the same operative facts involving unlawful collection practices.

50. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with Federal and California law. The interest of class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action under the FDCPA and RFDCPA are $2,000. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims, e.g., securities fraud.

51. Defendant has acted on grounds generally applicable to the Classes, thereby making appropriate final declaratory relief with respect to the Classes as a

whole.

52. Plaintiff contemplates providing notice to the putative class members by direct mail in the form of a postcard and via Internet website.

53. Plaintiff requests certification of a hybrid class for monetary damages and injunctive relief.

## COUNT I

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §§ 1692, ET SEQ. (FDCPA)

54. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

55. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.

56. As a result of each and every violation of the FDCPA, Plaintiff, and the putative class members, are entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendant individually.

## COUNT II

### VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
### CAL. CIV. CODE §§ 1788, ET SEQ. (RFDCPA)

57. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

58. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

59. As a result of each and every violation of the RFDCPA, Plaintiff, and the members of the Class, are entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the

HYDE & SWIGART, APC
2221 CAMINO DEL RIO SOUTH SUITE 101
SAN DIEGO, CA 92108

amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant on behalf of each putative class member as follows:

- That this action be certified as a class action on behalf of the Classes as requested herein;
- That Plaintiff be appointed as representative of the Classes;
- That Plaintiff's counsel be appointed as counsel for the Classes;
- An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), for Plaintiff and each putative class member;
- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), for Plaintiff and each putative class member;
- An award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), for Plaintiff and each putative class member;
- An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), for Plaintiff and each putative class member;
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), against Defendant;
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c); and,
- Any and all other relief that this Court deems just and proper.

//
//
//

**TRIAL BY JURY**

60. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: April 1, 2019                                              Respectfully submitted,

**HYDE & SWIGART, APC**

By: ___/s/ Joshua Swigart__
      JOSHUA SWIGART, ESQ.
      ATTORNEYS FOR PLAINTIFF

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Paul Stephens

### DEFENDANTS
United Tranzactions, LLC

**(b)** County of Residence of First Listed Plaintiff: San Diego
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Joshua B. Swigart, Hyde & Swigart, APC, 2221 Camino Del Rio S, Suite 101, San Diego, CA 92108, (619) 233-7770
Daniel G. Shay, Law Office of Daniel G. Shay, 409 Camino Dek Rio S, Suite 1001B, San Diego, CA 92108, (619) 222-7429

Attorneys *(If Known)*

'19CV0595 CAB AGS

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | | | ☐ 840 Trademark | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. § 1692 et seq.

Brief description of cause:
Violations of the Fair Debt Collections Practices Act

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
**DEMAND $** 5,000,000.00
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 04/01/2019
SIGNATURE OF ATTORNEY OF RECORD: s/ Joshua B. Swigart

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____